UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT WINCHESTER

| | |
|---|---|
| AZZAM MEDICAL SERVICES, LLC, and ) <br> DIVERSE MEDICAL MANAGEMENT, INC., ) <br> ) <br> *Plaintiffs,* ) <br> ) <br> v. ) <br> ) <br> PLATINUM GROUP USA, INC., ) <br> AMERICORE HEALTH, LLC, AMER ) <br> RUSTOM, MICHAEL LEWITT, GRANT ) <br> WHITE, and JAMES B. BIDEN, ) <br> ) <br> *Defendants.* ) | No. 4:19-cv-46 <br><br> Judge Collier <br> Magistrate Judge Steger |

PLATINUM GROUP USA, INC.,      )
                               )
   *Counter-claimant/Third-party*  )
   *Plaintiff*,                )
                               )
v.                             )
                               )
DIVERSE MEDICAL MANAGEMENT,    )
INC., MICHAEL FREY, NATALIE FREY, )
and MOHANNAD AZZAM,            )
                               )
   *Counter-Defendant/Third-party* )
   *Defendants*.               )

GRANT WHITE, and AMERICORE     )
HEALTH, LLC,                   )
                               )
   *Counter-claimants/Third-party* )
   *Plaintiffs*,               )
                               )
v.                             )
                               )
DIVERSE MEDICAL MANAGEMENT,    )
INC., and MICHAEL FREY,        )
                               )
   *Counter-Defendant/Third-party* )
   *Defendant*.                )

# **O R D E R**

Before the Court is Plaintiffs' motion to dismiss their claims against Defendant Grant White pursuant to Federal Rule of Civil Procedure 41(a)(2). (Doc. 80.)[1] Plaintiffs explain that they have entered into a confidential Mutual Settlement Agreement and Release with Defendant Grant White, in which all parties shall pay their own attorneys' fees, costs, and expenses. (*Id.*) None of the remaining Defendants have filed a response in opposition to Plaintiffs' motion and the time to do so has expired. *See* E.D. Tenn. L.R. 7.1(a); *see also* E.D. Tenn. L.R. 7.2 ("Failure to respond to a motion may be deemed a waiver of any opposition to the relief sought").

Although Plaintiffs invoke Federal Rule of Civil Procedure Rule 41(a)(2), a motion to dismiss only one defendant is more properly brought under Federal Rule of Civil Procedure 21. *See AmSouth Bank v. Dale*, 386 F.3d 763, 778 (6th Cir. 2004) (explaining that the "dismissal of a party, rather than of an entire action, is more proper pursuant to Rule 21"). Accordingly, the Court will construe Plaintiffs' motion as being brought under Rule 21.

Pursuant to Rule 21 of the Federal Rules of Civil Procedure, a "court may at any time, on just terms, add or drop a party." Because Defendants have not opposed the motion and based on the just terms set out in the motion, the Court **GRANTS** Plaintiffs' motion (Doc. 80) and **DISMISSES** Plaintiffs' claims against Defendant Grant Wright.

**SO ORDERED.**

**ENTER:**

---

[1] Plaintiffs filed another motion to voluntarily dismiss Defendant Grant White (Doc. 75), but then filed the present motion as an "Amended Motion for Voluntary Dismissal" (Doc. 80). Accordingly, Plaintiffs' first motion (Doc. 75) is **DENIED AS MOOT**.

2

/s/
**CURTIS L. COLLIER**
**UNITED STATES DISTRICT JUDGE**